## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BUDDY TRAHAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **C.A. No. 4:10-cv-03198** |
| **vs.** | § | |
| | § | |
| **BP, PLC; et. al** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF BUDDY TRAHAN'S RESPONSE TO
## MOTION FOR STAY OF PROCEEDINGS PENDING TRANSFER BY
## THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### LUBEL VOYLES LLP

Lance Lubel
Texas State Bar No. 12651125
Adam Q. Voyles
Texas State Bar No. 24003121
McKenna Harper
Texas State Bar No. 24041056
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713)-986-7263
Facsimile: (713)-986-7100
lance@lubelvoyles.com
adam@lubelvoyles.com
mckenna@lubelvoyles.com

### ATTORNEYS FOR PLAINTIFF BUDDY TRAHAN

<u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................... i

TABLE OF AUTHORITIES ....................................................ii-iv

I. NATURE AND STAGE OF PROCEEDINGS……...………………1-2

II. QUESTION PRESENTED  ....................................................... 2

III. SUMMARY OF ARGUMENT……………………………………….2-3

IV. FACTUAL BACKGROUND………………….. ..…………...…..3-4

V. PLAINTIFF'S RESPONSE TO BP'S MOTION FOR STAY……..…5-11

     A. This Case Lacks Federal Subject Matter Jurisdiction
     and a Stay is Inappropriate…………..……..………………..……..5-7

     B. The Court Should Rule on Trahan's Motion to Remand ……..…7-8

     C. Staying this Case Before Deciding the Existence of
     Federal Jurisdiction Would Be Inefficient and Wasteful…………8-11

          1. A Stay Will Prejudice Plaintiff………..………. …......…9-10

          2. BP Will Not Suffer Hardship or Inequity…………..…..10-11

          3. Judicial Resources Will Not Be Saved…..…………..……11

VI. CONCLUSION………………………………………..………..11

CERTIFICATE OF SERVICE………………………………….…….12

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Barragan v. Warner-Lambert Company*,
216 F. Supp. 2d  627,
(W.D. Tex. 2002)……..……………..…………………..………6, 7


*Bellorin v. Bridgestone/Firestone, Inc.*,
236 F. Supp. 2d 670 (W.D. Tex. 2001)……….…..……………….................6


*Boudin v. ATM Holdings, Inc.*,
Civil Action No. 07-0018-W-S-C, 2007 WL
1841066 (S.D. Ala. June 27, 2007…………….……………………...7, 10


*Clinton v. Jones*,
520 U.S. 681 (1997)……………….…..…………………………….7


*Ex Parte McCardle*,
74 U.S. 506 (1869)……………………………….……….……………...5


*Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*,
589 F. 3d 778 (5th Cir. 2009)…………………………………............4


*Hamzey v. Bayer Corp.*,
Case No. 10cv0526, 2010 WL 2011529
(S.D. Cal. May 19, 2010)…………….………......................................5


*Jozwiak v. Stryker Corp.*,
Civil Action No. 06:09-cv-1985-Orl-19GJK, 2010 WL 147143
(M.D. Fla. Jan. 11, 2010)………………………………………....7, 9, 10, 11


*Landis v. North Am. Co.*,
299 U.S. 248 (1936)……………………………………………………7


*Morris v. TE Marine Corp.*,
344 F. 3d 439 (5th Cir. 2003)…………………….……….......……..4


*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997)……………………………………8

*Rodrigue v. Aetna Cas. & Sur. Co.*,
395 U.S. 352 (1969)……………………………………………………4

*Romero v. Int'l Terminal Operating Co.*,
358 U.S. 354 (1959)………………………………………………....4

*Shields v. Bridgestone/Firestone, Inc.*,
232 F. Supp. 2d 715 (E.D. Tex. 2002)………………………………...5, 6, 8

*State of Texas ex rel. Ven-A-Care of Florida Keys, Inc. v. Abbott
Laboratories Inc.*,
Cause No. A-05-CA-897-LY, 2007 WL 5430194
(W.D. Tex. Dec. 5, 2005)……………………………………………6

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 93 (1998)…………………………………………………..5

*Tench v. Jackson Nat'l Life Ins. Co.*,
 No. 99 C 5182, 1999 WL 1044923 (N.D. Ill Nov. 12, 1999)……………....8

*Thomas v. Ameriquest Mortg. Co.*,
No. 07-0652-W-S-C, 2007 (S.D. Ala. Nov. 5, 2007)………………………11

*Toppins v. 3M Co.*,
Case No. 4:05CV01356, 2006 WL 12993
(E.D. Mo. Jan 3, 2006)………………………………………………3

*Tortola Restaurants, L.P. v. Kimberly Clark Corp.*,
987 F. Supp. 1186 (N.D. Cal 1997)………………………………………3,7

*Villareal v. Chrysler Corp.*,
No. C-96-4414, 1996 U.S. Dist. LEXIS 3159
(N.D. Cal. Mar. 11, 1996)………………………………………...…3

*Walsh v. Seagull Energy Corp.*,
836 F. Supp. 411 (S.D. Tex 1993)…………………………………………..4

*Wyeth v. Greene*,
344 F. Supp. 2d 674 (D. Nev. 2004)…………..……………….………6, 9

*Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*,
202 F.R.D. 612 (D. Ariz. 2001)……………………………………………10

## STATUTES

28 U.S.C. § 1331 …………………………………………...………........3

43 U.S.C. § 1349 (b)(1)(A).............................................................................. 4

## RULES

Federal Rule of Civil Procedure 26(d)(1) ............................................................ 10

Federal Rule of Civil Procedure 26(f) ................................................................ 10

JPML RULE 1.5 ................................................................................................... 8

iv

Plaintiff Buddy Trahan ("Trahan" or "Plaintiff") opposes the Motion for Stay of Proceedings and Suspension of All Pleading and Answer Deadlines Pending Transfer by the Judicial Panel on Multidistrict Litigation (the "Motion") filed by Defendants BP America, Inc., BP Corporation North America, Inc., BP Company North America, Inc., BP Exploration & Production Inc., and BP America Production Company (collectively "BP" or "Defendants") and submits for the Court's consideration the following response in opposition thereto.

## I. NATURE AND STAGE OF PROCEEDINGS

1.      This is a personal injury action brought pursuant to general maritime law for torts occurring aboard a vessel in navigable waters in the Gulf of Mexico.  Plaintiff is not asserting any claim under any federal statute. This case was, therefore, improperly removed due to a complete lack of federal jurisdiction over the claims that are the subject of this lawsuit. Nonetheless, in an effort to stave off the inevitable remand and cause further delay, BP asks this Court to stay this proceeding until the Judicial Panel on Multidistrict Litigation ("JPML") transfers and/or determines whether this case is appropriate for transfer and consolidation to the *Deepwater Horizon Incident Litigation*, MDL Docket No. 2179. [Doc. #7]  BP's request for a stay, however, is wholly without merit based on this Court's reasoning in *Kleppinger v. Transocean*, *et. al.* and applicable case law.

2.      In the *Kleppinger* case, this Court granted BP and Cameron's Motions to Stay, based upon its finding that the plaintiffs "will not suffer great prejudice if the brief stay is granted" because "the claims against the Transocean Defendants have already been stayed in connection with Transocean's Limitation of Liability action" and the plaintiff's motions to remand "are based not on the absence of federal subject matter jurisdiction, but on improprieties in removal". *See Case No. 4:10-cv-01851, Kleppinger v. Transocean, et. al,.* [Doc. #49, at p. 3]

Here, unlike the distinguishing factors the Court emphasized in *Kleppinger*, Plaintiff has **not** sued any Transocean entities and Plaintiff's Motion to Remand is based "on an absence of federal subject matter jurisdiction" instead of any "improprieties in removal." *Id.* at [Doc. # 49, at p. 3-4]. Undoubtedly, in granting the Motions to Stay, this Court recognized the circumstances where a stay would be warranted. *Id.* Within the same ruling, however, the Court distinguished those circumstances where a stay would **not** be warranted. According to this Court, a stay is not appropriate (1) where Transocean Defendants have not been sued and a stay is not already in effect; and (2) where the plaintiff's motion to remand is based on a lack of subject matter jurisdiction. As such, in line with this Court's sound reasoning, a stay is also inappropriate in this case because federal jurisdiction is absent and Plaintiff has not sued Transocean.

3.      Similarly, briefing is moving forward in another case arising from the explosion and fire aboard the *Deepwater Horizon* where federal subject matter jurisdiction was challenged in a motion to remand.  Specifically, on September 27, 2010, Judge Hoyt from the Southern District of Texas's Galveston Division issued an Order expediting the briefing schedule on a motion to remand in a case with issues similar to those in this case. *See Seriale v. Transocean, et. al.*, Civil Action No. G-10-373, [Doc. # 8]  Denying BP's motion to stay and expediting a decision on Plaintiff's Motion to Remand in this case would also serve judicial economy and conserve valuable resources.

## II. QUESTION PRESENTED

4.      Should this case be stayed before deciding whether Plaintiff's claims are even subject to federal jurisdiction?

## III. SUMMARY OF ARGUMENT

5.      The Court should deny BP's Motion for Stay, for, at least, the following reasons:

(1)  Determining the appropriate forum is a "threshold issue" and federal subject matter is lacking in this case;"[1]

(2) A court need not automatically stay a case because a party has moved the JPML for transfer and consolidation;[2] and

(3) Judicial economy and efficiency weigh in favor of having the Court determine the threshold issue of jurisdiction before expending addition federal resources.[3]

### IV. FACTUAL BACKGROUND

6.      This case arose from the April 20, 2010 explosion and fire aboard the *Deepwater Horizon* in the Gulf of Mexico. Buddy Trahan is an Operations Asset Manager for Transocean Offshore Deepwater Drilling, Inc. who was onboard the *Deepwater Horizon* in furtherance of maritime activities. On August 19, 2010, Trahan filed his Original Petition in Harris County, Texas in the 270th Judicial District Court. Trahan brought his claims according to the general maritime laws of the United States for torts occurring on a vessel in navigable waters in the Gulf of Mexico. Trahan expressly stated in his petition that he was not asserting any claims under any federal statute, including 28 U.S.C. § 1331.[4]

7.      Despite the fact that Buddy Trahan ("Trahan" or "Plaintiff") brought his personal injury claims pursuant to the general maritime laws of the United States for torts occurring aboard a vessel in navigable waters and did not assert claims under any federal statute, Cameron removed this case based on 28 U.S.C. § 1331, *et seq.* In particular, Cameron argued that the Court has original subject matter jurisdiction under the Outer Continental Shelf Lands Act

---

[1] *See Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) (also stating "motions to remand should be resolved before the panel acts on the motion to transfer."

[2] *Toppins v. 3M Co.*, Case No. 4:05CV01356, 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006).

[3] *See Villareal v. Chrysler Corp.*, No. C-96-4414, 1996 U.S. Dist. LEXIS 3159, at *4 (N.D. Cal. Mar. 11, 1996) ("Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum.").

[4] *See Exhibit A, ¶ 1 to* [Doc. #7]

3

("OCSLA").  43 U.S.C. § 1349(b)(1)(A).  Cameron is incorrect.

8.      On September 20, 2010, Trahan filed his Motion to Remand explaining that federal subject matter jurisdiction is lacking for, at least, four reasons:

(1) Plaintiff has not made any claim arising under OCSLA or federal law.[5]

(2) Plaintiff's claims are governed by general maritime law and are, therefore, not removable.[6]

(3)  Even if the OCSLA applies (which it does not), Trahan's maritime vessel-related tort claims arising on an OCSLA situs are not removable if, as is the case here, one of the Defendants is a citizen of the forum state.[7]

(4) OCSLA exempts vessels such as the *Deepwater Horizon* from its parameters.[8]

*See* [Doc. #7, ¶¶ 2-28]

9.      Also, on September 20, 2010, BP filed its Motion for Stay. [Doc. # 6] Additionally, even though BP has filed its Notice of Related Actions with regard to this case, the JPML has not issued a Conditional Transfer Order.

10.     On September 29, 2010, Trahan timely filed its Response to BP's Motion for Stay.

---

[5] *See Exhibit A, ¶ 1 to* [Doc. #7]

[6] *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468, 484-85 (1959) (discussing non-removability of "savings to suitors" claims on the grounds that, because maritime claims do not arise under the laws or Constitution of the United Sates they do not present federal questions.)

[7] *See Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

[8] *See  Walsh v. Seagull Energy Corp.,* 836 F. Supp. 411, 418 (S.D. Tex. 1993) ("In sum, despite the potential and probably intended breadth of the application of federal law under OCSLA to oilfield operations on the shelf, in practice the courts have read *Rodrigue* [*v. Aetna Cas. & Sur. Co.*, 395 U.S. 352 (1969)] to almost strictly limit its operation as to personal injuries to accidents taking place on fixed platforms.); *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009).

4

### V. PLAINTIFF'S RESPONSE TO BP'S MOTION FOR STAY

#### A. This Case Lacks Federal Subject Matter Jurisdiction and a Stay is Inappropriate

11.     BP requests a stay of Trahan's case before the Court determines the threshold issue of its jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 93, 94 (1998) (quoting *Ex Parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514, 19 L.Ed. 264 (1869) (internal quotations omitted).

12.     Within its Motion to Stay, BP completely ignores the threshold issue of the Court's jurisdiction which is lacking in this case. Instead, BP argues that "[n]umerous federal courts, including courts within this judicial district, have recognized that efficiency and uniformity demand the stay of an action pending the JPML's resolution of a motion to transfer and consolidate in an MDL proceeding." [Doc. # 6, ¶ 7]. BP's arguments concerning efficiency lack merit when compared to the sound reasoning in the cases presented below.

13.     Recently, the Southern District of California denied the defendants' request to stay proceedings pending transfer by the JPML and granted the plaintiff's motion to remand for lack of subject matter jurisdiction. *See Hamzey v. Bayer Corp*, Case No. 10cv0526, 2010 WL 2011529, at *2 (S.D. Cal. May 19, 2010). Similarly, in the Eastern District of Texas, Judge Schell denied a defendant's motion to stay and granted the plaintiff's motion to remand. *See Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 718 (E.D. Tex. 2002). And, in *Shields*, the JPML had already issued a conditional transfer order. *Id*. In contrast, the JMPL has not issued a conditional transfer order in this case. Relying on the principles of judicial economy Judge Schell reasoned:

There is no risk of needlessly expending this court's resources in ruling on the merits of the motion to remand. **Rather, this court's adjudication on the merits will prevent another court, already burdened due to the litigation arising out of these facts, from having to spend its limited resources on a matter this court is perfectly capable of deciding**. Therefore, the motion to stay the case pending further action by the MDL Panel is DENIED. *Id.* at 718   (emphasis added).

14.     Almost two years later, the District of Nevada utilized reasoning similar to Judge Schell.  In denying the defendants' motion to stay and granting the plaintiffs' motion to remand, the District of Nevada also considered "interests of expediency" and "delay". *See Wyeth v. Greene*, 344 F. Supp. 2d 674, 679 (D. Nev. 2004). To this end, the District of Nevada reasoned:

Moreover, the Court finds that the interest of expediency weighs in favor of determining the motion to remand. It is unknown when the multilitigation panel will issue a conditional transfer order to the MDL court. Even once it does so, the Plaintiffs are then provided an opportunity to contest the transfer, which will result in proceedings that further delay determination of the motion to remand . . . it is unnecessary to cause the additional delay by staying proceedings so that another court may determine the motion. Therefore, the Court will deny the Wyeth Defendants' motion to stay and consider Plaintiff's motion to remand. *Id.*

15.     Similarly, Texas federal courts have denied motions for stay and granted pending motions to remand. *See State of Texas ex rel. Ven-A-Care of Florida Keys, Inc. v. Abbott Laboratories Inc.*, Cause No. A-05-CA-897-LY, 2007 WL 5430194, at *2 (W.D. Tex. Dec. 5, 2005) (noting that "as the Court will set forth below, the decision to grant remand in this case is unquestionably supported by case law. Thus, there is no risk of this Court contributing to the alleged inconsistent decisions issued by federal courts."); *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001) (Noting that "[o]ne of the principles governing the 30-day time limit to file a notice of removal is Congress's intention that the issue of federal jurisdiction be determined in an expeditious manner" and reaching remand issue before transfer to the MDL); *Barragan v. Warner-Lambert Company*, 216 F. Supp. 2d 627, 631 (W.D. Tex. 2002) (after a conditional transfer order had been issued, the Court found that "judicial efficiency

6

and economy are better served" by considering a Motion to Remand before transfer to the MDL court).

16.     In addition, before transfer to the *Deepwater Horizon* MDL, Judge Hughes and Judge Hoyt denied BP's Motion for Stay. *See National Vietnamese American Fisherman Emergency Association, et. al. v. BP, PLC et. al.*, No. 4:10-cv-01607, [Doc. # 12]; *Nelson, et. al. v. Transocean, Ltd., et. al.*, No. 3:10-cv-00172, [Doc. # 10].  Although remand was not at issue in those cases,[9] the lack of federal subject matter jurisdiction in this case presents a more persuasive reason to deny BP's Motion to Stay and to consider Plaintiff's Motion to Remand.

17.     Accordingly, the Court should deny BP's Motion to Stay without further delay.

**B.  The Court Should Rule On Trahan's Motion to Remand**

18.     BP bears the burden of establishing its need for a stay. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). Indeed, the movant "must make out a clear case of hardship or inequity in being required to go forward." *See Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). In seeking a stay of the proceedings in this case, BP overlooks a fundamental point. This fundamental point is that a motion to transfer a case to MDL does not automatically stay discovery, postpone rulings on pending motions, or generally suspend further proceedings in the court in which the action was filed. *See Tortola*, 987 F. Supp. at 1188-89; *Boudin v. ATM Holdings, Inc.*, Civil Action No. 07-0018-W-S-C, 2007 WL 1841066, at * 1 (S.D. Ala. June 27, 2007) (denying motion to stay pending transfer to an MDL); *Jozwiak v. Stryker Corp.*, Civil Action No. 06:09-cv-1985-Orl-19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010) (also denying a motion to stay pending a ruling on motion for transfer and consolidation by the JPML).  Moreover, the rules of the JPML also do not require a stay. Rule 1.5 states:

---

[9] Remand was not at issue in those cases because the cases were originally filed in federal court.

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer of remand of an action pursuant to 28 U.S.C. § 1407 does not affect of suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Simply put, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) (citing Manual for Complex Litigation, Third, at 252 (1995)); *Shields*, 232 F. Supp. at 717-18 (denying a motion to stay and granting a motion to remand even after a conditional transfer order had been issued).

19.     This authority contradicts BP's statement that "[u]nder the circumstances present here, 'stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources.'" *See* [Doc. # 6, ¶ 6] (quoting *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999).  Because a stay is not automatic pending a ruling on a motion to transfer to an MDL, the Court should decline BP's request for a stay and rule on Trahan's Motion to Remand.

### C.  Staying this Case Before Deciding the Existence of Federal Jurisdiction Would Be Inefficient and Wasteful

20.     Rather than address the threshold issue of the Court's jurisdiction, BP focuses on three factors that courts consider when ruling on a motion to stay a case pending a motion to transfer to the JPML. *See* [Doc. # 6, ¶ 8]  These factors are: (1) the potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigating if the cases are in fact consolidated. *See Rivers*, 980 F. Supp. at 1360. BP argues that "[e]ach of these factors weigh heavily in favor of a stay in this case." *Id.*  BP is wrong.

8

### 1. A Stay Will Prejudice Plaintiff

21.    In relation to the first factor, BP has argued that the "requested stay—no longer than necessary for the JPML to rule on the transfer of this case—will not prejudice the plaintiffs here." *See* [Doc. # 6, ¶ 11]  BP's, however, makes two assumptions fatal to its argument. First, BP **assumes** that the JPML will transfer and consolidate this case to the *Deepwater Horizon* MDL. A conditional transfer order has not yet been issued.  Second, if this case is transferred to the *Deepwater Horizon* MDL, BP **assumes** that the MDL will rule quickly on Plaintiff's Motion to Remand. Hundreds of cases were transferred to the MDL in August and September 2010. Nonetheless, the MDL has not issued any ruling on Motions to Remand that were already pending in the transferred cases. If anything, staying this case will only "further delay [the] determination of [Plaintiff's] motion to remand." *See Greene*, 344 F. Supp. 2d at 679 (denying a motion to stay pending a conditional transfer to the MDL court in favor of considering a motion to remand). Indeed, Plaintiff would be required to re-file his Motion to Remand which would further delay any decision. BP's assumptions are not evidence and do nothing to demonstrate that Plaintiff will not be prejudiced by a stay. *See Jozwiak*, 2010 WL 147143, at *2 ("The Moving Defendants, however, offer no evidence that the MDL Motion will be resolved in their favor or that a decision will be rendered in the next 60-90 days.") Accordingly, BP's speculation that any stay would be no longer than necessary, does not support staying this case.

22.    Inexplicably, BP goes on to argue that "any incremental prejudice plaintiffs may claim as a result of the short stay requested is necessarily minimal, as this action is ***already*** stayed as to claims against the Transocean defendants under an Order entered by the U.S. District Court for the Southern District of Texas in Transocean's recently-filed Limitation of Liability Action." *See* [Doc. # 6, ¶ 12] Significantly, Plaintiff's has **not** sued any Transocean

9

defendants nor has a stay "*already*" been issued in this case. Therefore, BP is simply wrong and this point does not support staying the case.

### 2. BP Will Not Suffer Hardship or Inequity

23.     Regarding the second factor, BP argues that if a stay is not granted it will "face a significant risk of inconsistent pretrial rulings and duplicative waste of party resources," and a stay "would alleviate the risk of the BP defendants being subjected to multiple pleading and discovery requirements . . . ." *See* [Doc. # 6, ¶ 9]  BP will not suffer prejudice if the requested stay is not granted because this case is in its infancy. *See Jozwiak*, 2010 WL 147143, at *3 (observing that Defendants "would suffer little prejudice if the action is not stayed because the case has just begun to develop.").  The "risk of inconsistent results arises only when different judges rule on similar motions." *See Boudin*, 2007 WL 1841066, at * 1. BP, however, has not specifically identified any motions that may lead to inconsistent rulings.

24.     Nevertheless, BP claims that common questions for discovery exist regarding the cause of the explosion, the cause of the oil spill, and the acts taken by each of the Defendants; therefore, it would suffer "hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts." *See* [Doc. # 6, ¶ 9] Again, discovery in this case has not commenced. The Court scheduled its Initial Pretrial and Scheduling Conference for December 6, 2010. [Doc. #2]  Under Federal Rule of Civil Procedure 26(d)(1), the parties cannot commence discovery nor has Plaintiff sought court order to obtain discovery before the case management conference. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (discussing authorities governing the availability of expedited discovery before the Rule 26(f) scheduling conference).  As such, this factor does not support granting the requested stay.

### 3.  Judicial Resources Will Not Be Saved

25.    In relation to the final factor, BP claims a stay "will conserve judicial resources" and the "[t]he complexity of many of the factual and legal issues that are likely to arise . . . 'will require mastery of several procedural and substantive issues' that is best acquired by a single court to avoid the unnecessary expenditure of judicial resources."  *See* [Doc. # 6, ¶ 10] (quoting *Thomas v. Ameriquest Mortg. Co.*, No. 07-0652-W-S-C, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007).  BP continues to ignore the threshold issue of this Court's jurisdiction and even though there is no conditional transfer order, BP also assumes the JPML will transfer this case to the *Deepwater Horizon* MDL. At this time, no Rule 26 conference has occurred, the parties have not served or engaged in any discovery, and the Court's Initial Pre-Trial and Scheduling Conference is not scheduled for three months. The only significant motions pending are Plaintiff's Motion for Remand and BP's Motion for Stay. In deciding these Motions, there is no need for the Court to familiarize itself with the intricacies of this case or conduct extensive case management. *See Jozwiak*, 2010 WL 147143, at *3-4 (making the same observation). Moreover, this Court is capable of deciding Plaintiff's Motion to Remand, and, if granted, the Court would no longer be burdened with BP's Motion to Stay which would conserve judicial resources. Deciding the Motion to Remand before the Motion to Stay will also prevent another court that is already burdened with a large docket, from having to spend its valuable resources on this case.

26.    Accordingly, the Court should deny BP's Motion to Stay.

### VI. CONCLUSION

Based on the foregoing authority and analysis, Plaintiff Buddy Trahan respectfully requests that the Court deny BP's Motion to Stay, consider Plaintiff's Motion to Remand *poste haste* and grant all other relief the Court deems appropriate.

Respectfully submitted,

**Lubel Voyles LLP**

By: /s/ Adam Q. Voyles
    Lance H. Lubel
    Texas State Bar No.: 12651125
    Adam Q. Voyles
    Texas State Bar No.: 24003121
    McKenna Harper
    Texas State Bar No.: 24041056
    1300 Post Oak Blvd., Suite 2000
    Houston, Texas 77056
    Telephone No.: (713) 986-7263
    Facsimile No.: (713) 986-7100
    Email: lance@lubelvoyles.com
           adam@lubelvoyles.com
           mckenna@lubelvoyles.com
    **ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing *Plaintiff Buddy Trahan's Response to Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation* has been forwarded to all known counsel of record via the Court's ECF filing system, certified mail, return receipt requested, facsimile, email or hand delivery on this the 29th day of September, 2010.


          /s/ Adam Q. Voyles___
          Adam Q. Voyles

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **BUDDY TRAHAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **C.A. No. 4:10-cv-03198** |
| **vs.** | § | |
| | § | |
| **BP, PLC; et. al** | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

After considering Defendants BP America, Inc., BP Corporation North America, Inc., BP Company North America, Inc., BP Exploration & Production Inc., and BP America Production Company's Motion for Stay of Proceedings and Suspension of All Pleading and Answer Deadlines Pending Transfer by the Judicial Panel on Multidistrict Litigation, the Court **DENIES** the motion. It is therefore;

**ORDERED** that Defendants BP America, Inc., BP Corporation North America, Inc., BP Company North America, Inc., BP Exploration & Production Inc., and BP America Production Company's Motion for Stay of Proceedings and Suspension of All Pleading and Answer Deadlines Pending Transfer by the Judicial Panel on Multidistrict Litigation is DENIED.

Signed this the _____ day of _____ 2010

_____
**JUDGE PRESIDING**