IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUDDY TRAHAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3198 |
| | § | |
| BP, PLC, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Stay of Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("Motion to Stay") [Doc. # 6] filed by Defendants BP America Inc., BP Corporation North America Inc., BP Company North America Inc., BP Products North America, Inc., BP Exploration & Production Inc., and BP America Production Company (collectively, "BP"), in which Defendant Anadarko Petroleum Corporation ("Anadarko") joined [Doc. # 16]. Plaintiff Buddy Trahan filed a Response [Doc. # 14] and a Supplemental Response [Doc. # 17], and BP filed a Reply [Doc. # 18]. Having considered the full record and the relevant legal authorities, the Court **grants** the Motion to Stay.

This case is one of hundreds of state and federal lawsuits arising out of the explosion and fire on the Deepwater Horizon drilling rig on April 20, 2010. On August 10, 2010, the Judicial Panel on Multidistrict Litigation ("Panel") transferred

46 of the cases to the Eastern District of Louisiana for consolidation into *In re: Deepwater Horizon Incident Litigation*, MDL No. 2179 ("MDL").  Later that month, the Panel transferred an additional 71 cases.  In September 2010, the panel transferred an additional 70 cases to the MDL.

On September 8, 2010, BP asked the Panel to transfer this case for consolidation into MDL-2179.  BP seeks a stay of this lawsuit until such time as the Panel decides whether to transfer this case to the MDL.

The Court has inherent power to stay proceedings.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 649 (E.D. Tex 2009).  When deciding whether to grant a stay, the Court weighs competing interests and balances competing hardships.  *See Cajun Offshore Charters v. BP Prods. North Am.*, 2010 WL 2160292, *1 (E.D. La. May 25, 2010); *Mathis v. Bristol-Myers Squibb Co.*, 2003 WL 1193668, *1 (E.D. La. Mar. 12, 2003).  Specifically, the Court considers (1) the potential prejudice to Plaintiffs from a brief stay; (2) the hardship to BP if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation if the Panel grants BP's motion.  *See Cajun Offshore*, 2010 WL 2160292 at *1.

In this case, the Court finds that Plaintiff will not suffer great prejudice if the brief stay is granted.  The stay should be in effect for only a short period of time,

probably no more than a few weeks.  Indeed, the Panel has been acting quickly to decide whether to transfer so-called "tag along" cases.  Plaintiff argues that he has a pending motion to remand, but the United States District Judge to whom MDL-1279 is assigned has indicated that he will rule expeditiously on all motions to remand. Similarly, the motion to remand in this case can be decided promptly by this Court if BP's request for transfer to MDL-1279 is denied.

The Court finds that BP may suffer significant hardship if the stay is denied. Defendants face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision.

The savings in time and expense to the judiciary and the parties will clearly be enormous if the hundreds of related cases are consolidated in a single MDL proceeding.

Based on the Court's consideration of the record and the relevant legal authorities, it is hereby

**ORDERED** that the Motion to Stay [Doc. # 6] is **GRANTED**.  This case is **STAYED AND ADMINISTRATIVELY CLOSED** pending a decision by the Panel whether to transfer this case for consolidation into *In re: Deepwater Horizon Incident Litigation*, MDL-2179.  It is further

**ORDERED**  that counsel shall file a written notice with this Court advising of the Panel's decision on BP's request for MDL consolidation.  It is further

**ORDERED** that Anadarko's Motion for Extension of Time to Respond to Complaint [Doc. # 21] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **15th** day of **October, 2010**.

Nancy F. Atlas
United States District Judge