


UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                MDL No. 2179

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the six actions listed on Schedule A have moved, pursuant to Rule 7.1, to vacate the respective portions of our orders conditionally transferring the actions (two pending in the District of Delaware, one in the Northern District of Florida, and three in the Southern District of Texas) to the Eastern District of Louisiana for inclusion in MDL No. 2179.[1] Responding defendants[2] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 2179 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is warranted for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil

---

[*] Judge John G. Heyburn II, Judge Kathryn H. Vratil, and Judge Paul J. Barbadoro took no part in the disposition of this matter.

[1] Lisa Echeverri, in her capacity as executive director of the Florida Department of Revenue, who was one of twenty defendants in the Northern District of Florida action, separately moved to vacate the respective portion of the conditional transfer order pertaining to that action. The claims against Echeverri, however, have since been remanded to state court.

[2] These defendants are: Halliburton Energy Services, Inc. (as to the first-listed District of Delaware action); M-I, L.L.C. (as to the second-listed District of Delaware action); M-I, L.L.C., BP Products North America Inc., BP America Inc., BP Exploration and Production Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Halliburton Energy Services, Inc., and Cameron International Corporation (as to the Northern District of Florida *Carswell* action); Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater Inc., Triton Asset Leasing GmbH, BP plc, BP America Inc., Cameron International Corporation, Halliburton Energy Services, Inc., and Sperry-Sun Drilling Services, Inc. (as to the Southern District of Texas *Coon* and *Seriale* actions); and BP plc, BP America Inc., Halliburton Energy Services, Inc., and M-I, L.L.C. (as to the Southern District of Texas *Trahan* action).

-2-

spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, ___ F.Supp.2d ___, 2010 WL 3166434, at *2 (J.P.M.L. Aug. 10, 2010).

In opposing transfer, plaintiffs argue, *inter alia*, that their claims will require some unique discovery, and that transfer should not take place, if at all, until the various courts have ruled on their pending motions for remand to state court. We do not find these arguments persuasive. The District of Delaware and the Southern District of Texas actions are virtually indistinguishable from those previously centralized in this docket. Although these actions may present one or more non-common issues, that is true of most, if not all, of the actions already in MDL No. 2179. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Denture Cream Prods. Liab. Litig.*, 624 F.Supp.2d 1379, 1381 (J.P.M.L. 2009). Plaintiffs can present their remand motions to the transferee judge.[3] *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

The Northern District of Florida *Carswell* action does appear to implicate certain issues of Florida tax law that differentiate it, to some extent, from the bulk of the actions in the MDL.[4] Notwithstanding any such differences, a review of the complaint leaves no doubt that the action belongs in the centralized proceedings. Plaintiffs allege, *inter alia*, that certain so-called "Drilling Defendants" were "collectively and respectively involved in the drilling and exploration activities of the Deepwater Horizon," and that their actions "caused and/or contributed to the oil spill." Plaintiffs seek, among other relief, a declaration that the coastal properties of members of certain subclasses have been physically contaminated by the spilled oil and dispersants used to mitigate that oil (or are threatened by such contamination), an adjudication of the magnitude, extent, and duration of the diminution in just value sustained by the affected coastal properties, and an identification of those defendants "legally responsible for such stigmatic exposure and the resulting diminution in value of such affected coastal properties."

---

[3] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so.

[4] Plaintiffs describe themselves as property owners, taxpayers and citizens who face harm and potential harm allegedly resulting from the Deepwater Horizon oil spill, and who seek, *inter alia*, a declaratory judgment as to the nature and extent of the just valuation or market value losses sustained by affected Florida coastal properties for 2011 and subsequent tax years.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
David R. Hansen
Acting Chairman

W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.
Barbara S. Jones

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |

## SCHEDULE A

| | EDLA SEC.J/1 |
|---|---|
| <u>District of Delaware</u> | |
| St. Joe Company v. Halliburton Energy Services Inc., D. Delaware, C.A. No. 1:10-733 | 11-258 |
| St. Joe Company v. M-I LLC, D. Delaware, C.A. No. 1:10-810 | 11-259 |
| <u>Northern District of Florida</u> | |
| Scott Carswell, et al. v. Lisa Echeverri, et al., N.D. Florida, C.A. No. 4:10-486 | 11-260 |
| <u>Southern District of Texas</u> | |
| Billy Coon, et al. v. BP Exploration & Production Inc., et al., S.D. Texas, C.A. No. 3:10-290 | 11-261 |
| Allen Seriale v. Transocean Offshore Deepwater Drilling, Inc., et al., S.D. Texas, C.A. No. 3:10-373 | 11-262 |
| Buddy Trahan v. BP plc, et al., S.D. Texas, C.A. No. 4:10-3198 | 11-263 |